HARDY, Judge.
This is an action by plaintiff as subrogee of its insured, James D. Domico, for recovery of the amount paid for collision damages to the insured vehicle. The named defendant, Willard Friday, filed an answer *4 generally denying the material allegations of plaintiff’s petition, alternatively pleading contributory negligence, and as third party plaintiff impleaded St. Paul Fire & Marine Insurance Company upon the basis of an allegation that said company was Friday’s automobile liability insurer.
After trial there was judgment in favor of plaintiff and against the defendant, Willard Friday, in the principal sum of $893.09, which was stipulated as being the correct amount of the claim, and further judgment in favor of St. Paul dismissing defendant’s third party demands, from which judgment defendant has appealed.
The issues presented are factual and examination of the record discloses that the following material facts were preponderantly established:
The accident occurred on Louisiana Highway 7 in Red River Parish shortly before 10:00 A.M. on November 6, 1965. Defendant, Friday, driving a personally owned 1954 Dodge pickup truck which he had purchased approximately thirty days prior to the date of the accident, entered the highway from the driveway of his home located on the west side thereof and as he turned north on the highway observed the defendant’s automobile approaching from the south. It was Friday’s intention to proceed north on the highway for some 300 yards, more or less, and make a left turn into the driveway of a neighbor’s home for the purpose of inquiring about a lost deer-hound. Domico pulled his car into the left lane of the highway for the purpose of passing the Friday truck and as he was engaged in this maneuver Friday began his left turn in the path of the Domico automobile. It is particularly significant to note from Friday’s testimony that although he knew the Domico vehicle was following him on the highway, he made no effort to ascertain its position before beginning his turn. Friday’s testimony that he signaled for a left turn was denied by Domico and his wife. Although Friday was accompanied by a passenger in his truck, this witness was not called to testify in his behalf. As Friday began his left turn Domico blew his horn and turned to the left onto the shoulder of the highway in a futile effort to avoid the collision. According to Domico’s testimony he was driving at a speed of approximately 50 miles per hour.
Under the above well established facts there can be no question as to the conclusion that Friday’s negligence was the direct and proximate cause of the collision and that Domico' was free from any act of contributory negligence. This was the conclusion reached by the district judge upon the basis of reasons expressed in a written opinion which set forth the facts in much greater detail than we have found necessary.
Appellant’s complaint as to the conclusion above noted is based upon Domico’s failure to sound his horn before engaging in his passing maneuver. We do not find the slightest merit in this contention. Friday was aware of the presence of the following vehicle and the most casual observation on his part would have disclosed its position and the obvious development of the passing movement. Counsel’s argument that the erratic movement of the Friday truck should have warned Domico of the need for unusual caution is not sustained by the record. We not only fail to find error on the part of the District Judge but are in complete accord with his findings.
The only question remaining for determination relates to Friday’s third party demand against St. Paul Fire and Marine Insurance Company. The policy introduced in evidence discloses that it is a garage liability policy issued to W. S. Leonard and W. F. Fridley (sic), d/b/a Coushatta Esso Service Center. It was established that Coushatta Esso Service Center was a partnership composed of Leonard and Friday.
The plain and unambiguous provisions of the policy disclose that it was issued to the partnership for the purpose of covering *5 its operations as a garage or service station; that it covered all automobiles owned, maintained or used in connection with the garage operations, for other business purposes, and for non-business purposes with reference to any automobile owned by or in charge of the named insured and used principally in connection with garage operations.
The established facts disclose that the vehicle involved in the accident was personally owned by Friday and not by the insured partnership; that it was not owned, maintained nor used in connection with the garage operations of the partnership, and, finally, that at the time of the accident it was being used by Friday, its owner, in the course of a purely personal mission which had no possible relationship to nor connection with the business of the insured partnership.
Under the facts of this case, and in view of the clear provisions of the insurance policy, the conclusion of lack of coverage is inescapable.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.