SWANN, Judge.
Michaeline Rosen sued Steve Tokarski and recovered final judgments in four actions which had been consolidated. The four actions all involved the negligent operation of a car owned by Tokarski, individually, but which was driven by his daughter at the time of the accident. To-karski had insurance on this car and the insurer paid its full limits to the plaintiff.
Plaintiff, Rosen, then brought four garnishment proceedings against National Union Fire Insurance Company of Pittsburgh, Pennsylvania, hereafter referred to as “National”.
National had issued an automobile liability policy which provided generally for “garage insurance” and which stated in various and relevant parts:
“Item 1. Named insured and address: Frank Martin and Steve Tokarski d/b/a Market Truck Stop, 1205 22 Street, Miami, Florida.
* * * * * *
“The named insured is: X Partnership. Business of the named insured is Auto Service Station.
* * * * * *
“Schedule
*702 Item 1. The insurance afforded is only with respect to such of the following coverages and hazards thereunder as are indicated by specific premium charge or charges * * * ”
The trial court determined that National’s policy did not provide any insurance coverage for the individual car owned by Tokarski and entered summary judgments for the garnishee, National.
On appeal it is argued that there is an ambiguity created by the following terms within the policy.
“IV. Persons Insured:
* * * * * *
“ * * * [W] ith respect to the automobile hazard: (a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * * "
* * * * * *
“VII Additional Definitions
******
“ ‘automobile hazard’ means that one of the following hazards for which insurance is afforded as indicated in the schedule:
“Automobile Hazard 1:
“(1) The ownership, maintenance or use (including loading and unloading) of any automobile for the purpose of garage operations, and (2) the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations, and (3) the ownership, maintenance or use of any automobile owned by the named insured while furnished for the use of any person.” (Italics added)
* * * * * *
It appears to us that no ambiguity is created by this language because in every instance it refers to “the named insured” and the specific language of the policy shows “the named insured” to be Frank Martin and Steve Tokarski d/b/a Market Truck Stop and that the named insured was a partnership.
The automobile being driven by the daughter of Tokarski was owned by Steve Tokarski, individually. It was not owned or operated with the permission of “the named insured” under the policy to wit: Frank Martin and Steve Tokarski d/b/a Market Truck Stop. Cf. State Farm Mutual Automobile Ins. Co. v. Friday, La. App.1967, 201 So.2d 3. We find no ambiguity. The judgments herein appealed are
Affirmed.