304 So.2d 136 (1974)
OHIO CASUALTY INSURANCE COMPANY, Appellant,
v.
Russell FIKE, Appellee.
No. 73-1374.
District Court of Appeal of Florida, Fourth District.
December 6, 1974.
Rehearing Denied January 3, 1975.
Robert A. Hannah and J. Richard Caldwell, Jr., of Pitts, Eubanks, Ross & Rumberger, P.A., Orlando, for appellant.
Leonard Vincenti and Gerald E. Anderson of Maher & Overchuck, P.A., Orlando, for appellee.
MAGER, Judge.
A summary final judgment was entered against Ohio Casualty Insurance Company, appellant (defendant below), in favor of Russell C. Fike, appellee (plaintiff below), determining that a policy of automobile liability insurance by and between the parties provided coverage for plaintiff's injured daughter.
The facts which are not disputed reflect that the minor daughter of the plaintiff was struck by an automobile while a pedestrian and as a result sustained personal injuries. The plaintiff demanded payment under the no-fault provisions of the insurance policy which defendant refused. The no-fault endorsement provided personal injury protection benefits to any "relative" of the "named insured" injured in a motor vehicle or while a pedestrian.
Essentially, it is the defendant's position that the particular policy of insurance was issued to a "partnership"; that coverage was limited to the "named insured," i.e., the partnership; that plaintiff, as an "individual", was not the "named insured" (and consequently his "relative" was not entitled to benefits). The declaration page of the *137 policy of insurance listed the "named insured" as follows:
"Russell C. Fike, Jr. and Robert D. Fike d/b/a Orange State Painting Company".
The declaration page also reflected that the "partnership" category had been selected from among several different persons or entities listed.
Following the adoption of the Florida Automobile Reparations Reform Act (no-fault) and prior to the accident involving plaintiff's daughter, the defendant issued and attached a standard amendatory no-fault endorsement. The amendatory endorsement contains the following pertinent provisions:
"SECTION I
"PERSONAL INJURY PROTECTION
"The Company will pay, in accordance with the Florida Automobile Reparations Reform Act, to or for the benefit of the injured person:
"(a) all reasonable medical expenses, ... caused by an accident arising out of the ownership, maintenance or use of a motor vehicle and sustained by:
(1) the named insured or any relative while occupying a motor vehicle or, while a pedestrian, through being struck by a motor vehicle; or
(2) any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle."
The insurance policy in question lists family vehicles as well as business vehicles. From time to time various family vehicles were added and deleted by the plaintiff.[1] The plaintiff maintained no other automobile insurance policy except the one under consideration.
In reviewing the language of the policy and the vehicles listed therein we are led to the conclusion that the policy was intended to provide coverage for the "named insured" in an individual as well as in a partnership capacity.
Obviously, a "partnership" as an entity cannot have a "relative". However, although in the commercial sense a partnership is looked upon as a "legal entity", Florida follows the common law view "that a partnership is not a legal entity apart from the members composing it", 24 Fla. Jur., Partnership, sec. 16. Where a policy of insurance refers to the partnership entity as the "named insured" and then proceeds to list the names of the individual partners in describing the "named insured", the policy must be read to cover "the partners as individuals as well as partners as an entity" unless a contrary intention clearly appears. McDonald v. Aetna Casualty & Surety Co., 1970, 47 Wis.2d 235, 177 N.W.2d 101. The fact that the defendant insurer issued an amendatory endorsement to the policy in question which provided personal injury protection to "the named insured or any relative" seems inapposite to the insured's position that the policy in question was intended to be limited to a "partnership"; if anything, the amendatory endorsement is reflective of an intention to insure the individual as well as the partnership.[2]
*138 We are not persuaded by the defendant's suggestion that this determination would be contrary to the recent decision of our sister court in Rosen v. National Union Fire Ins. Co. of Pittsburgh, Pa., Fla.App. 1971, 249 So.2d 701. The facts in the Rosen case are sufficiently distinguishable as to render that decision inapplicable.[3]
Additionally without merit is the contention that the absence of a premium charge for no-fault coverage would preclude no-fault benefits herein. The insurer furnished the endorsement and it may well be assumed that the premium paid for the policy included no-fault benefits. More significant, however, is the fact that defendant's contention would fly in the face of one of the avowed purposes of no-fault, namely, a reduction in rates rather than an additional or increased premium. See section 627.741(2)(e), Florida Statutes.
We conclude, therefore, that the "named insured", referred to in the policy in question, has reference to Russell Fike, plaintiff, in his individual as well as partnership capacities; the no-fault amendatory endorsement providing benefits for any "relative of the named insured" would afford coverage to Beverly Fike, the daughter of plaintiff.
Accordingly, the judgment of the trial court is affirmed.[4]
OWEN, C.J., and CROSS, J., concur.
NOTES
[1] The policy listed the following vehicles: 1970 Dodge 1 T. Truck; 1968 Ford Pickup; 1969 Ford Econoline; 1962 Ford Econoline Van; 1966 Oldsmobile 98 4 Dr. Hdtp.; 1965 Buick Riviera 2 Dr. Sedan; 1969 Datsun 4 Dr. Sedan; 1971 MGB Roadster; 1970 Buick Riviera Sedan; 1971 D Ford Ranchero 1/2 Ton Pickup. Some of these vehicles were subsequently deleted.
[2] Although the language of the insurance policy in question and the vehicles as listed therein reflect coverage for the plaintiff in his individual as well as partnership capacity and hence his entitlement to the benefits on behalf of his "relative" (daughter), a similar determination could be made on the basis of ambiguity. The ambiguity exists with respect to whether the "named insured" is limited to the partnership entity or whether it also includes the individuals named therein, particularly where an amendatory endorsement is made without limitation. All ambiguities and uncertainties are resolved in favor of the insured and against the insurer. Daleo v. Bert & Bette Bayfront 66 Marine, Fla.App. 1972, 273 So.2d 113; Fontainebleau Hotel Corp. v. United Filigree Corp., Fla.App. 1974, 298 So.2d 455.
[3] In Rosen the automobile liability policy issued to a partnership and listing the names of the partners was clearly a policy limited to the business of the insured therein, i.e., a garage operation, with the policy providing for "garage coverage". In the instant case the policy is not so limited and, in fact, the personal vehicles of the plaintiff are specifically listed therein. Moreover, the Rosen case was not concerned with an amendatory endorsement under no-fault and the coverage provided thereunder.
[4] We have considered the defendant's contention regarding the trial court's award of attorney's fee and find the same to be without merit.