HENDRY, Chief Judge.
Appellant-insurer, defendant below, by interlocutory appeal seeks review of a post-judgment order rendering attorneys’ fees in favor of appellee, plaintiff below.
Appellee was a passenger in a motor vehicle involved in an accident. Said vehicle was owned by one Mario Caldevilla and, at the time of the accident, was driven, with his consent, by his wife, Isis. Appellant insured both Mario and the vehicle.
Appellee was not an owner of a motor vehicle, pursuant to Section 627.736(4)(d) 4.a, Florida Statutes (1975), however, appel-lee’s husband, Jesus, owned an automobile which was insured by Gateway Insurance. Some time after the accident, Gateway Insurance was declared to be insolvent and a receiver, Florida Insurance Guarantee Association (FIGA), was appointed in its stead.
In accordance with the above statute, ap-pellee submitted proof of claim and an application for PIP benefits to appellant — as the insurer of the “owner of a motor vehicle” involved in an accident. Appellant, however, declined to pay, on the ground that the claim should be filed with FIGA, as the insurer of appellee’s husband’s vehicle, pursuant to Section 627.736(4)(d) 4.b, Florida Statutes (1975).
Upon being denied coverage, appellee commenced suit against appellant, which was allowed to implead FIGA so that all parties would be before the court. During the pendency of the action, FIGA paid ap-pellee’s full PIP claims. Appellee accepted payment from FIGA and summary judgment was entered in favor of appellant.
Subsequent to the entry of said summary judgment, appellee, by order, was awarded attorneys’ fees. It is from this award that appellant takes this interlocutory appeal.
In Criterion Insurance Company v. Gutierrez, 319 So.2d 70 (Fla. 3d DCA 1975), we held that with respect to any disputes between the insured and the insurer arising under the Florida Automobile Reparations Act, Section 627.736(8), Florida Statutes (1975), which allows for attorneys fees upon “any dispute” between an insured and the *1223 insurer, must be read in conjunction with Section 627.428, Florida Statutes (1975).
Section 627.428, Florida Statutes (1975) provides in part that:
“(1) Upon the rendition of a judgment or decree by any of the courts of the state against an insurer and in favor of an insured . . . , the trial court . shall adjudge or decree against the insurer and in favor of the insured . a reasonable sum as fees or compensation for the insured’s . . . attorney prosecuting the suit in which the recovery is had.”
Based upon the above statute, we are unable to see how the lower court could have properly awarded a summary judgment in favor of appellant-insurer on the coverage question and by subsequent order, awarded appellee reasonable attorneys’ fees.
Appellee contends that the real reason the summary judgment was entered in favor of appellant was because appellant “persuaded” FIGA to pay the PIP award and not because the “dispute” was judicially ruled upon in appellant’s favor. Therefore, appellee argues that she is still entitled to attorneys’ fees in that the trial court never reached the merits of the complaint.
Appellee’s contention is, however, unsubstantiated by and goes beyond the record-on-appeal and therefore, we cannot properly consider it. Sheldon v. Tiernan, 147 So.2d 593 (Fla. 2d DCA 1962).
Notwithstanding the above, even assuming the merits of the complaint had not been reached, we are of the opinion that pursuant to Sections 627.736(4)(d) 4.b and 627.736(4)(d) 3, Florida Statutes (1975), FIGA, as appellee’s husband’s insurer had the primary responsibility to pay the PIP claim. See Farley v. Gateway Insurance Company, 302 So.2d 177 (Fla. 2d DCA 1974).
Inasmuch as appellant was entitled to summary judgment as a matter of law, any award of attorneys’ fees to appellee was improper, in light of Sections 627.428 and 627.736(8) Florida Statutes (1975). The order appealed must therefore be reversed.
Reversed.