McCORD, Chief Judge.
This appeal is from a final judgment ruling that an insurance policy of Transport Indemnity Company, appellant, provided primary coverage for damages resulting from an automobile accident and that a policy of Travelers Indemnity Company, ap-pellee, provided excess coverage. Appellant contends the trial court erred in ruling that the policy issued by it affords primary coverage. Appellee by cross-appeal contends that the trial court erred in ruling that the policy issued by it affords any coverage for the accident. We agree with appellee’s contention.
The trial below involved consolidated causes of actions for wrongful death and personal injury arising out of a collision between a tractor (without semi-trailer attached) and an automobile. Defendants in the action were the owner-lessor of the tractor (Paul Elders and/or Chaffee Leasing Corporation), the lessee (Jerry Lipps, Inc.), and the driver (Jerrie Douglas Brown). For purposes of this appeal, counsel for the parties agreed that Paul Elders and Chaffee Leasing Corporation be considered as a single entity. Such lessor will hereafter be referred to as Elders. Lessee Jerry Lipps, Inc., will be referred to as Lipps.
The accident from which this litigation emanated occurred in Escambia County, Florida, between a vehicle in which plaintiffs below were riding and the above mentioned tractor. Appellee Travelers had issued a policy to Elders and appellee Transport had issued a policy to Lipps.
The Elders policy of Travelers contains an endorsement which Transport contends is ambiguous but which we find has a clear meaning in relation to the question of Travelers’ liability for this accident. The pertinent wording of the endorsement is the following:
“It is agreed that such insurance as is afforded by the policy . . . applies only while the automobile is used for personal, pleasure, family and other non-business purposes or while used exclusively in hauling for a charge . . . any property for the concern designated below, subject to the following provisions: * * * >>
The concern “designated below” is Semo Box Company, and we do not find that the provisions subsequently listed have any applicability here. The semi-tractor at the time of the accident was not being used for personal, pleasure, family or other non-business purposes and was not being used in hauling for Semo Box Company. Thus, ap-pellee Travelers was neither primarily nor secondarily liable for damages resulting from this accident.
The Transport policy contains a provision that:
“With respect to a hired automobile or a nonowned automobile, this insurance shall be excess insurance over any other valid and collectible insurance available to the insured.”
However, in this case no other valid and collectible insurance is available to the insured.
The ruling of the final judgment that the policy issued by Transport Indemnity Company provides primary coverage is affirmed, but the ruling that the policy issued by The Travelers Indemnity Company provides secondary liability is reversed and the cause is remanded to the trial court with directions to modify the final judgment to provide that The Travelers Indemnity Company has no applicable coverage.
BOYER and MELVIN, JJ., concur.