COBB, Judge.
This is a timely appeal and cross-appeal from a summary final judgment in favor of defendant Travelers Insurance Company. The plaintiff/appellant, Bartoszewicz, filed a complaint alleging that he was injured in a motor vehicle accident on March 16,1979, and that the defendant insurance company had wrongfully refused to pay personal injury protection (PIP) benefits to the plaintiff. Bartoszewicz was the driver and operator of a 1978 Mercury Zephyr owned by Vaughn Printers, Inc. Travelers answered and alleged that there was in full force and effect a business owner’s policy of insurance wherein the named insured was Vaughn Printers, Inc. and William Drew Vaughn, which provided for automobile insurance coverage of the Zephyr, including PIP benefits. Travelers alleged that Bartoszewicz was excluded and filed a copy of the original policy containing the pertinent exclusion.
The declaration portion of the policy lists only “Vaughn Printers, Inc. & William Drew Vaughn” as “named insured.” The PIP endorsement portion of the policy indicates that Travelers will pay PIP benefits in accordance with the Florida Automobile Reparations Reform Act where the bodily injury is sustained by:
(1) The named insured or any relative while occupying a motor vehicle or, while a pedestrian through being struck by a motor vehicle; or
(2) Any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle.
The policy then lists exclusions and states:
This insurance does not apply:

(f) to any person, other than the named insured, if such person is the owner of a motor vehicle with respect to which security is required under the Florida Automobile Reparations Act, as amended.
The phrase “named insured” is defined as follows:
“Named insured” means the person or organization named in the declarations of the policy and if an individual, shall include the spouse if a resident of the same household.
Pursuant to a request for admissions, the plaintiff admitted that he was the owner and registrant of a motor vehicle which was registered and licensed in the State of Florida. Travelers moved for summary judgment on the grounds of the above-quoted policy exclusion and on the ground that the Florida Automobile Reparations Act excludes coverage because the plaintiff was the owner of a motor vehicle with respect to which security is required under the No-Fault Act. Plaintiff filed a cross-motion for summary judgment. The trial court granted Travelers’ motion for summary judgment and denied plaintiff’s cross-motion for summary judgment. Traveler’s motion to tax attorney’s fees pursuant to section 57.105, Florida Statutes (1979), was denied. Plaintiff Bartoszewicz appeals from the order of the trial court granting summary final judgment in favor of defendant, and the defendant cross-appeals that portion of the order denying its motion to tax attorney’s fees.
The primary argument of the appellant is that the designation of the corporation as the “named insured” encompasses within that classification an employee operating the car within the course and scope of his employment, since a corporation is an incorporeal legal entity that can act (and receive personal injuries) only through its authorized agents. The policy does not purport to limit its PIP coverage for a named insured to any specific officers, directors or agents of the corporation. Therefore, contends the appellant, the purported availability of PIP benefits to a corporation as the named insured is meaningless unless construed to include individuals through whom it acts— and drives automobiles. If Bartoszewicz was a named insured as of March 16, 1979, then exclusion (f) is inapplicable and he is entitled to recover PIP benefits from Travelers.
*607 Travelers argues the general rule that corporations are legal entities separate and distinct from the persons composing them. See, e. g., Hanish v. Clark, 200 So.2d 601 (Fla. 3d DCA 1967). It also contends that the PIP coverage is meaningful for employees of the corporation, since it is afforded to them as occupants of the insured vehicle provided there is no applicable exclusion, such as provision (f).
Equivocal contracts of insurance are strictly construed against the insurer and liberally construed in favor of the insured so as to effectuate the dominant purpose of indemnifying the insured. See 18 Fla.Jur. Insurance § 407 (1971) and cases cited therein. In the instant case, we believe the inclusion of a corporate entity as the named insured in a policy providing personal injury benefits to the named insured, without qualifying or limiting the persons acting for the corporation who are afforded coverage, is equivocal. Cf. Ohio Casualty Ins. Co. v. Fike, 304 So.2d 136 (Fla. 4th DCA 1975). If the insurer had intended to limit such coverage to certain identified corporate officers or agents, it could have done so explicitly in the policy.
Accordingly, we affirm the denial by the trial court of the defendant’s motion to tax attorney’s fees, reverse the entry of summary judgment for defendant, reverse the denial of the cross-motion for summary judgment by the plaintiff, and remand to the trial court for entry of a judgment consistent with this opinion.
REVERSED and REMANDED.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, J., concur.