404 So.2d 1053 (1981)
TRAVELERS INSURANCE COMPANY, Petitioner,
v.
Robert BARTOSZEWICZ, Respondent.
No. 59665.
Supreme Court of Florida.
July 23, 1981.
Rehearing Denied November 12, 1981.
Ronald L. Harrop of Gurney, Gurney & Handley, Orlando, for petitioner.
Ronald J. Langa and Herbert H. Hall, Jr. of Maher, Overchuck, Langa & Cate, Orlando, for respondent.
Joseph C. Jacobs and Thomas M. Ervin, Jr. of Ervin, Varn, Jacobs, Odom & Kitchen and Frederick B. Karl, Tallahassee, for American Ins. Ass'n, amicus curiae.
Larry Klein, West Palm Beach, for the Academy of Florida Trial Lawyers, amicus curiae.
McDONALD, Justice.
In this case we decide whether the declaration of a corporation as the named insured of a personal injury protection (PIP) insurance policy[1] has the effect of making the corporation's employees named insureds. Because the district court decision[2] conflicts with Marina Del Americana, Inc. v. Miller, 330 So.2d 164 (Fla. 4th DCA 1976), we have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Robert Bartoszewicz, an employee of Vaughn Printers, Inc., was injured in an auto accident while driving a company car during the course of his employment. Although at the time Bartoszewicz personally owned another car and was required by law to maintain security under the Florida Automobile Reparations Reform Act (Act), he sued his employer's PIP carrier, Travelers, *1054 for benefits under Vaughn Printers' business owner's policy. That policy states that Travelers will pay benefits in accordance with the Act for bodily injury sustained by:
(1) The named insured or any relative occupying a motor vehicle or, while a pedestrian through being struck by a motor vehicle; or
(2) Any other person while occupying the insured motor vehicle or, while a pedestrian, through being struck by the insured motor vehicle.
Named insured is defined in the policy as
the person or organization named in the declarations of the policy and if an individual, shall include the spouse if a resident of the same household.
The declaration names "Vaughn Printers, Inc."[3] The exclusion section of the policy provides that the insurance does not apply
to any person, other than the named insured, if such person is the owner of a motor vehicle with respect to which security is required under the Florida Automobile Reparations Act, as amended.
Because, by ownership of a personal car, Bartoszewicz was required to maintain security under the Act, he could claim benefits under the Travelers policy only if he were a named insured under his employer's policy. Whether he is a named insured is the question for resolution.
The central concern in interpreting insurance contracts is the intent of the parties. Excelsior Insurance Co. v. Pomona Park Bar & Package Store, 369 So.2d 938, 942 (Fla. 1979). In discerning that intent, most courts have held that the term "named insured" has a restricted meaning and does not apply to persons not specifically named in the policy. Kohly v. Royal Indemnity Co., 190 So.2d 819, 821 (Fla. 3d DCA 1966), cert. denied, 200 So.2d 813 (Fla. 1967). See Annot., 91 A.L.R.3d 1280 (1979).
The district court, ruling that employee Bartoszewicz is a named insured, relied on the rule of insurance law that equivocal insurance contracts are read in favor of coverage. 386 So.2d at 607. This rule employs basic contract law that an ambiguous written agreement should be construed against the party which drew the contract. Capital City Bank v. Hilson, 59 Fla. 215, 51 So. 853 (1910). This rule is applied to insurance contracts as well, and, because it is more often the insurer who draws the contract, the general rule is that ambiguities (equivocalities) are read against the insurer.[4]Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla. 1975); Harris v. Carolina Life Insurance Co., 233 So.2d 833 (Fla. 1970).
The district court's application of this rule is unfounded in this case because the present contract is not equivocal. The reason given by the district court for its view that the contract is equivocal was that the contract failed to name which individuals within the corporation were meant to receive personal injury protection. The district court felt such a provision necessary because an inanimate corporation is, itself, incapable of sustaining personal injury.[5] This fact, reasoned the court, renders a PIP policy which declares a corporation as named insured but does not extend coverage to the only persons within the corporation who could sustain personal injury, its agents, nonsensical.
Equivocality arises only when the terms of a contract present a genuine inconsistency, uncertainty, or ambiguity. 369 So.2d at 942. Under this test we hold that *1055 the contract is not equivocal.[6] It is not unreasonable that the parties would declare the corporation the named insured without necessarily meaning to include the employees. It is obvious that benefits are conferred by naming the corporation alone, because anyone (including an employee) who is injured while occupying a corporation car or who is struck by a corporation car and who is not required to have his own PIP coverage will be insured.
The decision of the district court is quashed, and this case is remanded with instructions to affirm the trial court judgment.
It is so ordered.
SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
ADKINS, J., dissents.
NOTES
[1] This is a policy required by the Florida Automobile Reparations Reform Act. §§ 627.730  627.741, Fla. Stat. (1979).
[2] Bartoszewicz v. Travelers Ins. Co., 386 So.2d 605 (Fla. 5th DCA 1980). The district court reversed a final summary judgment on behalf of Travelers and held that, under the terms of the policy in this case, declaring the corporation the named insured has the effect of including this employee as a named insured.
[3] Also declared named insured in the policy is William Drew Vaughn, the principal owner of Vaughn Printers, Inc.
[4] Commenting on the public policy aspects of the rule, this Court stated:

[I]nsurance policies are prepared by experts in this complex field, and the interplay of their various provisions is intricate and difficult for the layman to understand. For this reason, the public interest requires that a policy be interpreted by the courts in the manner most favorable to the insured... .
Praetorians v. Fisher, 89 So.2d 329, 333 (Fla. 1956).
[5] Although not material to our holding, we note that the PIP policy was merely part of a comprehensive business owner's policy which included liability and property loss protection.
[6] See Rosen v. National Union Fire Ins. Co., 249 So.2d 701 (Fla. 3d DCA 1971).