408 So.2d 767 (1982)
TRAVELERS INSURANCE COMPANY, Appellant,
v.
Anthony J. FURLAN, Appellee.
No. 81-677.
District Court of Appeal of Florida, Fifth District.
January 13, 1982.
*768 Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellant.
James N. Powers, P.A., Orlando, for appellee.
COBB, Judge.
In this appeal, Travelers Insurance Company contests a final judgment adjudging it liable to pay personal injury protection benefits to the appellee, Anthony J. Furlan, in Furlan's action for coverage.
Furlan's complaint against Travelers seeking to have Travelers declared liable to pay personal injury protection benefits to Furlan was tried completely on the parties' stipulation of facts, from which the following facts were taken. On June 10, 1979, Furlan, an eighteen-year-old pedestrian, was struck and injured by an automobile owned and operated by Meeks. Meeks and his automobile were insured by Travelers, the policy providing for $10,000 personal injury protection coverage with no deductible. At the time of the accident, Furlan did not own a motor vehicle and was a resident in the household of his mother. Furlan's mother owned an automobile upon which she had an insurance policy from Allstate providing for $10,000 personal injury protection coverage with an $8,000 deductible. The parties agreed that Furlan was entitled to personal injury protection coverage from Allstate, but disputed whether Furlan was covered by Meeks' Travelers policy.
The trial judge ruled that Furlan was entitled to coverage under Meeks' Travelers policy and entered judgment for Furlan. This appeal followed.
The question of whether Furlan was entitled to benefits under Meeks' personal injury protection policy is governed by section 627.736, Florida Statutes (1979). Section 627.736(4)(d)4 provides that accidental injury sustained by one other than the owner of the vehicle, through contact with the vehicle, is covered only so long as the injured person is not himself either the owner of a motor vehicle with respect to which personal injury protection coverage is required to have been secured or "entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle." (Emphasis added.)
At the time of the accident, Furlan's mother owned a motor vehicle upon which she was required to carry personal injury protection coverage and upon which she did carry personal injury coverage for $10,000 with an $8,000 deductible. Furlan was a resident of his mother's household at the time of the accident; therefore, he was entitled to coverage under her policy. § 627.736(4)(d)3, Fla. Stat. (1979). Since Furlan was entitled to personal injury protection benefits from another source, he fell squarely within the exclusion of section 627.736(4)(d)4.b and was thus not entitled to personal injury protection coverage under the policy of the owner of the car which struck him. See State Farm Mut. Auto Ins. Co. v. Guerra, 340 So.2d 1221 (Fla. 3d DCA 1977); Farley v. Gateway Ins. Co., 302 So.2d 177 (Fla. 2d DCA 1974).
This result, of course, relegates Furlan to collecting personal injury protection benefits under his mother's policy, with an $8,000 deductible, rather than under Meeks' policy with no deductible. We reject his argument against this "inequity." Cf. Tapscott v. State Farm Mut. Auto. Ins. Co., 330 So.2d 475 (Fla. 1st DCA 1976). Section 627.739, Florida Statutes (1979), provides that a named insured's election of a deductible will bind not only the named insured but also any person subject to the coverage. Continental Ins. Co. v. Roth, 388 So.2d 617 (Fla. 3d DCA 1980). The constitutionality of this statute has not been challenged in this case and, therefore, is not addressed.
Accordingly, the judgment of the trial court is reversed, and this cause remanded for entry of judgment in favor of the appellant, Travelers Insurance Company.
REVERSED and REMANDED with instructions.
ORFINGER and SHARP, JJ., concur.