ROBERT P. SMITH, Jr., Chief Judge.
Shirley Colson appeals from a circuit court order dismissing with prejudice her amended complaint against appellee General Insurance Company, insurer of the family automobile owned by Colson’s husband. Colson sued for personal injury protection benefits payable under her husband’s policy for her injury sustained while driving an automobile allegedly owned by Automobile Rentals, Inc., and leased to Dart Industries “and/or” Tupperware Parties. The trial court dismissed her amended complaint against appellee General Insurance, ruling that, because appellant Colson was not the owner of a motor vehicle with respect to which security was required by section 627.-730, et seq., Florida Statutes (1979), she is entitled to PIP benefits payable by the insurer of the owner of the motor vehicle that she occupied and was driving at the time of her injury, section 627.736(4)(d)4.a., and correspondingly is not entitled to PIP benefits under her husband’s policy. Assuming the allegations of Colson’s amended complaint to be true, we find that Colson was in fact excluded from coverage under the policy issued by the insurer of the owner of the motor vehicle in which she was injured, and instead was covered for PIP benefits by appellee General Insurance.
Appellant Colson alleged that she was a “named insured” within the meaning and application of the General Insurance policy issued to her husband. By that allegation she invoked the policy definition of “named insured” which included the resident spouse of the person named in the policy declarations. That provision, as will be seen infra, is consistent with the coverage requirements of section 627.736(4)(d)3., Florida Statutes (1979).
Whether Colson is entitled to PIP benefits from General Insurance, as alleged, or from the insurer (not a party here) of the automobile in which she was an occupant when injured, depends on section 627.-736(4)(d). That statute describes the liability of that other insurer as follows:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:

*495 4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle ... provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under [the Automobile Reparations Reform Act], or
b. Entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle.
The trial court, in dismissing Colson’s action, evidently relied on the Supreme Court’s decision in Travelers Insurance Co. v. Bartoszewicz, 404 So.2d 1053 (Fla.1981). There the Court held that a policy issued to and naming a corporation as the named insured did not by implication name the corporation’s employees as other named insureds. The Court reasoned that a corporate employee injured while driving the corporation’s vehicle would be insured by the policy incorporating section 627.736(4)(d)4, whether named or not in the policy, unless the injured employee was one who, in the language of the policy incorporating section 627.736(4)(d)4.a., was the “owner of a motor vehicle with respect to which security is required” under the Automobile Reparations Reform Act.
The Bartoszewicz decision appropriately explains why certain employees driving the named insured’s automobile will be covered for injuries sustained while driving the automobile, and why other such employees, like Bartoszewicz himself, will not be covered because “at the time Bartoszewicz personally owned another car and was required by law to maintain security .... ” 404 So.2d at 1053. But the Supreme Court’s decision does not imply that all employees except those excluded by subsection 4.a. must necessarily be insured by the insurer of the owner of the automobile occupied by the employee when injured. For section 627.736(4)(d)4.b. also excludes from coverage of the owner’s policy any injured occupant who, in the language of the statute, is “[e]ntitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle” as is described in subpart a., namely, some other “motor vehicle with respect to which security is required” by the Act. Travelers Insurance Co. v. Furlan, 408 So.2d 767, 768 (Fla. 5th DCA 1982); State Farm Mutual Automobile Insurance Co. v. Guerra, 340 So.2d 1221, 1223 (Fla. 3d DCA 1977).
Because appellant Colson is “a relative of the owner [of another motor vehicle] residing in the same household,” and sustained accidental bodily injury in Florida while occupying a motor vehicle, and was not herself the owner of a motor vehicle in respect to which security was required, appellant Colson is by the terms of section 627.736(4)(d)l and 3 entitled to PIP benefits payable by the insurer of her husband’s automobile, appellee General Insurance. Subsection (4)(d)3 provides that General Insurance (the “insurer of the owner of a motor vehicle”) shall pay PIP benefits for
3. Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1 [“Accidental bodily injury sustained in this state ... while occupying a motor vehicle ....”] ... provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required ....
The amended complaint therefore does state a cause of action against appellee General Insurance and, absent defensive averments excepting appellant Colson from that coverage, her claim is meritorious. The order dismissing the amended complaint and Colson’s cause of action is REVERSED.
McCORD and MILLS, JJ., concur.