JORGENSON, Judge.
Wesley King appeals from a final order of dismissal and summary judgment in favor of his excess carrier, Guaranty National Insurance Company, in an action to recover the cost of his stolen automobile. For the following reasons we reverse and remand for further proceedings consistent with the views expressed herein.
King intended to insure his 1977 Jaguar for a total of $28,000. After purchasing an Allstate policy providing primary coverage he purchased $18,000 in excess coverage from Guaranty National. Both policies contained comprehensive coverage insuring him for theft. The specific policy endorsement issued to King by Guaranty National provides:
In consideration of the premium charged, it is understood and agreed that that [sic] the coverage provided hereunder is excess over the following:
Name of Primary Carrier — Allstate— $10,000.
Policy No. — # TBA
It is also understood and agreed that the Company Limits of Liability are $18,-000 which is excess over the primary limits of $10,000.
It is further understood and agreed that Guaranty National Insurance Company is the excess carrier over the primary carrier. In the event of loss, before payment can be made, there must be evidence from the primary carrier that they have made payment.
The policy listed the actual cost of the automobile to be $28,000. On July 5, 1981, the automobile was stolen. After the loss it was determined that the Allstate policy in fact provided $25,000 in coverage and not the $10,000 contemplated by the excess policy. King settled his claim against Allstate for $15,370.60. He then sought the remainder of his damages from Guaranty National. Guaranty National refused to satisfy King’s claim, asserting that its policy could not be reached until the underlying limits of the Allstate policy had been exhausted.
The trial court dismissed King’s suit against Guaranty National because of King’s failure to exhaust the Allstate policy limits. In support of the trial court’s judgment Guaranty National cites Olympic Insurance Co. v. Employers Surplus Lines Insurance Co., 126 Cal.App.3d 593, 178 Cal.Rptr. 908 (1st Dist.Ct.App.1981). The court in Olympic defines the terms “primary coverage” and “excess coverage.” “ ‘Excess ’ or secondary coverage is coverage whereby, under the terms of the policy, liability attaches only after a predetermined amount of primary coverage has been exhausted.” Id. at 597-98, 178 Cal.Rptr. at 910.
We would agree with the trial court and Guaranty National’s position had the policy provided that it was to be excess insurance over any other valid and collectible insurance available to the insured. See Transport Indemnity Co. v. Travelers Indemnity Co., 357 So.2d 795 (Fla. 1st DCA 1978); Spurgeon v. State Farm Mutual Insurance Co., 169 So.2d 343 (Fla. 1st DCA 1964). Under the express terms of the Guaranty National policy endorsement, however, the policy “is excess over the primary limits of $10,000.” We construe no ambiguity or uncertainty in the policy and, as such, must give it its effect as written.[1] See Midwest *609 National Insurance Co. v. Santiesteban, 287 So.2d 665 (Fla.1973). The policy provides for coverage following “evidence from the primary carrier that they have made payment.” It is uncontroverted that Allstate has made payment over $10,000. King is therefore entitled to coverage and a determination of the extent of his loss under the Guaranty National policy.
Reversed and remanded for further consistent proceedings.

. The result would be unchanged even if we found ambiguity in the policy. It would then be construed against the insurer and in favor of the insured. This follows the rule in contract law that an ambiguous written agreement should be construed against the party that *609 drew the contract. See Travelers Insurance Co. v. Bartosyewicz, 404 So.2d 1053 (Fla.1981); Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla.1975).