NESBITT, Judge
(specially concurring):
I would construe the policy so that the “named insured” (Suave Shoe Corporation) would include, for the limited purpose of determining PIP coverage in an out-of-state accident, an employee operating the corporation’s automobile within the course and scope of his employment.[1]
The general rule is that ambiguities or equivocalities in an insurance contract are strictly construed against the insurer and liberally construed in favor of finding coverage for the insured. Travelers Insurance Co. v. Bartoszewicz, 404 So.2d 1053 *780 (Fla.1981); Stuyvesant Insurance Co. v. Butler, 314 So.2d 567 (Fla.1975); 30 Fla. Jur.2d Insurance § 406 (1981). I would find that since the policy in the present case purports to provide PIP coverage for out-of-state accidents only for the corporate entity as the named insured,[2] and since a corporate entity is incapable of sustaining personal injury, an ambiguity exists, and naming the corporate entity as the named insured must include, for the limited purpose of determining PIP coverage for out-of-state accidents, employees of the corporation operating the insured automobile within the course and scope of their employment.
I find the supreme court’s decision in Bartoszewicz to be distinguishable on this point. In Bartoszewicz, the supreme court held that the PIP policy provisions involved in that case, which named the corporate entity as the named insured, did not include employees of the corporation as named insureds. The court’s reasoning for its holding was:
It is not unreasonable that the parties would declare the corporation the named insured without necessarily meaning to include the employees.[3] It is obvious that benefits are conferred by naming the corporation alone, because anyone (including an employee) who is injured while occupying a corporation car or who is struck by a corporation car and who is not required to have his own PIP coverage will be insured, [emphasis added]
404 So.2d at 1055. This reasoning does not apply in the present case. Contrary to the situation in Bartoszewicz, it is obvious in the present case that no benefits are conferred by naming the corporation alone as the named insured for purposes of PIP coverage in out-of-state accidents. Since the policy only provides PIP coverage in out-of-state accidents for the named insured,[4] and the named insured is a corporate entity which is incapable of sustaining personal injuries, the policy, literally read, provides no PIP coverage for out-of-state accidents. The only means of breathing life into the policy provisions providing for PIP coverage in out-of-state accidents is to find that the employees of the corporation, operating the insured automobile within the course and scope of their employment, are named insureds for the limited purpose of this coverage. This is the only reasonable construction of the contract.[5]
Accordingly, I would reverse with directions to enter judgment for the plaintiff.

. The plaintiff, an employee of Suave Shoe Corporation, sustained personal injuries in an automobile accident in Rhode Island. At the time of the accident, the plaintiff was operating a corporation car, insured by Travelers, within the course and scope of his employment. The named insured in the policy is Suave Shoe Corp.

.The policy provides:
The insurance under this Section [PIP endorsement] applies only to the accidents which occur during the policy period
(a) in the State of Florida; and
(b) as respects the named insured or a relative, while occupying the insured motor vehicle outside the State of Florida but within the United States of America, its territories or possessions or Canada....
See § 627.736(4)(d) 2., Fla.Stat. (1979) ("The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for ... [accidental bodily injury sustained outside this state, but within the United States of America or its territories or possessions or Canada by the owner while occupying the owner’s motor vehicle.") See also § 627.736(4)(d)3.; Pearcy v. Travelers Indemnity Co., 429 So.2d 1298 (Fla. 3d DCA), review denied, 438 So.2d 833 (Fla.1983).

. It is arguable that the court's use of the phrase, "without necessarily meaning," implies that the parties could have meant to include employees when declaring the corporation the named insured. It appears, therefore, that this "ambiguity” should have been "read against the insurer.” Bartoszewicz, 404 So.2d at 1054. Nevertheless, this court would be bound to follow the holding in Bartoszewicz under the dictates of Hoffman v. Jones, 280 So.2d 431 (Fla.1973), if the holding were applicable here.

. See supra note 2.

. This holding would moot any issue as to whether the plaintiff was required to maintain his own PIP coverage. See Bartoszewicz.