PEARSON, Judge.
The appellee, Joseph F. Clark, filed a complaint alleging failure to pay a real estate commission pursuant to the terms of an oral contract. A jury verdict of $11,500.00 was entered against the defendant, appellant. This appeal from the final judgment is by the defendants, Jack Hanisch, Barbara Hanisch and Plainview Realty Corp. We reverse upon a holding that the admissible evidence was insufficient to establish liability.
We will attempt to set out the factual allegations fully because of the rule that the appellee is entitled to every reasonable inference that the jury may have drawn.
1. The appellee, Clark, is a duly licensed real estate broker. He received a listing from the Dade Federal Savings and Loan Association to sell the Croydon Arms Hotel in Miami Beach.
2. The appellee had been friendly with appellants, John and Barbara Hanisch, for *603 many years. Appellants were interested in purchasing the hotel and submitted an offer to Dade Federal through Clark. The offer was made by Mr. Hanisch as President of Plainview Realty Corporation. Mr. and Mrs. Hanisch were the sole stockholders in the corporation. The offer was rej ected by Dade Federal. Thereafter, Dade Federal told the appellee, Clark, that it would accept $410,000 with a $29,000 down payment, if the appellee would accept a reduced real estate commission of $10,000.00. Clark informed the Hanisches of the new offer but they did not have sufficient cash available to meet the down payment.
3. Appellee contends that he made an oral agreement with the appellants to assign his commission of $10,000.00 toward the down payment of $29,000. In return for this assignment the Hanisches allegedly promised to pay Clark an “exclusive broker’s commission” of 2½% on any property they bought or sold in the future regardless of who the broker might be. The right to receive the commission would continue until appellee had received the sum of $20,500.-00. This sum is the amount a 5% commission would produce on a sale of $410,000.00. A 5% commission is provided for in many real estate contracts in this area.
4. Plainview Realty Corp. purchased the hotel for $410,000.00 using the $10,000.00 commission as part of the cash payment.
5. The appellee was in need of funds and a few days later he asked the appellants for $5,000.00. Appellants did not have that amount but an agreement was reduced to writing in the form of a letter. The letter which was addressed to Plainview reads as follows:
“Gentlemen: All other agreements to the contrary notwithstanding, I agree that you shall pay my commission for procuring your purchase of the Croydon Arms Hotel Apartments in the sum of $5,000 payable $1,000 at closing and $40.00 per week thereafter until paid in full.”
Appellee, Clark, signed the letter and a notation of acceptance was signed by Jack Hanisch for the Plainview Realty Corp. The $5,000.00 was eventually paid pursuant to the terms of the above agreement. The check which constituted the final payment on the obligation had the following notation typed on it:
“Final payment on commission as per agreement dated Jan. 2nd, 1964. /signed/Joseph F. Clark.”
Thereafter the hotel was resold by Plain-view Realty Corp. for $463,000.00. When appellee learned of the resale he demanded $11,500.00 which was 2½% of the sale price. Appellants refused to pay the appellee since it was their contention that the only agreement was that which was reduced to writing and accepted on January 2nd. At trial Jack Hanisch denied the existence of any oral agreement concerning a 2½% commission on all future real estate sales. Upon jury verdict and final judgment against all defendants for $11,500.00, the defendants appealed.
The points presented upon appeal are:
I. Did the court err in refusing to exclude appellee Clark’s testimony that the letter agreeing to a $5,000.00 commission was not the agreement of the parties?
II. Did the court err in refusing to direct a verdict for each defendant upon the ground that the legally admissible evidence was insufficient to establish liability?
III. Did the court err in refusing to direct a verdict for each defendant upon the ground that the oral agreement to pay 2½% commission was unenforceable?
The basis for the decision may best be discussed by considering separately the case made against Plainview Realty Corp., and then considering the case made against Jack and Barbara Hanisch.
All of the legally admissible evidence showed a binding written agreement between Plainview Realty Corp. and the *604 appellee, Clark. At trial Clark was allowed to testify concerning the alleged prior oral agreement. According to the parol evidence rule a valid written contract or instrument cannot be varied by a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question. Prescott v. Mutual Ben. Health & Accident Ass’n, 133 Fla. 510, 183 So. 311, 119 A.L.R. 525 (1938). The ap-pellee acknowledges this rule but contends that the parol evidence rule has no application to the facts of this case. It is appellee’s contention that the parol testimony was not adduced for the purpose of contradicting or verying the terms of the written agreement, but rather to prove that the letter of January 2, 1964, was not their contract. See 32A C.J.S. Evidence § 967.
The exception which appellee relies upon is not applicable to his written agreement with Plainview Realty Corp. Appel-lee’s testimony was not that the written agreement was entered into by error or fraud but simply that he did not intend to relinquish his claim to the 2½% commission on future transactions.[1]
The written agreement is clear and unambiguous and therefore could not be erased by oral testimony which sought to change it from a complete agreement to a receipt for an advance. If there was a prior oral agreement with the Plainview Realty Corp., it was effectively terminated by the subsequent written agreement to accept $5,-000.00 in a much shorter time span. The written agreement, by its terms, supersedes all prior agreements. Since we have determined that the parol evidence was inadmissible, it follows that there was no evidence to support appellee’s claim against Plain-view Realty Corp. Thereafter, the trial court should have directed a verdict for the defendant, Plainview.
Appellee’s case against the Hanischs is somewhat different. Clark’s testimony concerning the oral agreement might be admissible to show that the written agreement with Plainview Realty Corp. was not intended to relieve Jack and Barbara Hanisch of their oral promise to pay a 2½% commission on all future real estate transactions. Nevertheless, we hold that the evidence will not support a jury verdict against the defendants in their individual capacity.
Clark’s waiver of a commission payable by Dade Federal, the seller, on the first sale inured to the benefit of the corporate defendant, Plainview, who purchased the property. The subsequent sale was by Plainview and therefore a commission payable under an “exclusive sale agreement” would be payable by Plainview. Any agreement for such commissions certainly included Plain-view as is confirmed by appellee’s suit and his subsequent dealing with the commission in his letter for the $5,000 payment.
The question thus arises as to the sufficiency of the evidence to bind the individual defendants in an agreement to pay a 2½% commission. The testimony is only that “the defendants agreed” or “the Hanischs agreed.” Faced with this indefiniteness, there is a failure to prove that Jack and Barbara Hanisch have bought or sold anything. The only way appellee’s difficulty could be resolved would be to treat Plainview Realty Corporation, Jack Hanisch and Barbara Hanisch as one entity. We think that the court was not permitted to so indulge the plaintiff, nor may the jury infer that Jack Hanisch acted for the corporation, for himself and for his wife. They are separate entities and in an action at law may not be regarded as one. See Riesen v. Maryland Casualty Co., 153 Fla. 205, 14 So.2d 197 *605 (1943); Roberts’ Fish Farm v. Spencer, Fla.1963, 153 So.2d 718.
We conclude that the evidence against the defendant Jack Hanisch and Barbara Hanisch was insufficient since there was no evidence to show that the alleged “exclusive sales commission” agreement was to include the sale of property by a corporation in which they owned the stock. Therefore, the trial court should have directed a verdict for Jack Hanisch and Barbara Hanisch at the conclusion of all the evidence.
Reversed.

. Q. At the time you read it, was there anything in there that was unclear or which you did not understand?
(Clark) A. I didn’t go into detail on it. I didn’t have any legal advice on it. I just signed it to get the money at the time. It was an advance. It had nothing to do with my deal with Hanisch.