429 So.2d 1298 (1983)
Morgan PEARCY and Panco Electrical Contractors, Inc., Appellants,
v.
TRAVELERS INDEMNITY COMPANY, Appellee.
No. 82-1888.
District Court of Appeal of Florida, Third District.
April 12, 1983.
Rehearing Denied May 9, 1983.
Highsmith & Strauss and Philip E. Glatzer, Miami, for appellants.
Joseph A. McGowan, Miami, for appellee.
Before BARKDULL, DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
This appeal is brought by the insured corporation and its vice-president, the father of an employee fatally injured in an automobile collision, from an order dismissing a complaint by which appellants sought to obtain benefits under the corporation's uninsured motorist policy.
We hold that where an uninsured motorist policy issued to a corporation, in standard form language, includes as an insured any "family member, related to [named insured] by blood, marriage or adoption who is a resident in [named insured's] household," the language is a nullity, as the corporation can have no such relative. Neither does the listing of an *1299 employee as an operator of the corporation's vehicle, on a policy of insurance issued to the corporation, make that employee a named insured. See Whitten v. Progressive Casualty Insurance Co., 410 So.2d 501 (Fla. 1982); U.S. Fidelity & Guaranty Co. v. Williams, 375 So.2d 328 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 642 (Fla. 1980).
Thus, where employee, son of the corporate officer, was injured while operating a noncovered, uninsured automobile owned by a friend, on a social outing, although he was a named operator of the corporation's vehicles on an uninsured motorist policy issued to the corporation, there was no coverage.
The order dismissing the second amended complaint for failure to state a cause of action is AFFIRMED.