BASKIN, Judge.
Arthur Lee appeals an adverse summary final judgment arising out of his declaratory judgment action against National Fire Insurance Company of Pittsburgh, Pa. [National Fire]. The trial court denied Lee’s claim of entitlement to uninsured motorist benefits under his employer’s automobile insurance policy issued by National Fire. We reverse.
Forming the basis for the summary final judgment under review are the following pertinent, uncontradicted facts: Arthur Lee suffered personal injuries as a result of an automobile accident caused by an uninsured motorist. At the time of the accident, Lee was employed by Schenley Industries, Inc. [Schenley], a subsidiary of Rapid American Corporation, the name insured under the National Fire insurance policy at issue here. When the accident occurred, Lee was acting within the scope of his employment, but was neither operating nor occupying a vehicle owned by his employer; he was a passenger in an automobile owned by a third party not employed by Schenley.
On appeal, Lee presents two questions for our consideration: (1) whether, as an employee of the named insured at the time of the accident, he is an “Insured” entitled to uninsured motorist coverage pursuant to the provisions of the applicable National Fire insurance policy; and (2) whether the amount of uninsured motorist coverage for bodily injury is the $3,000,000 provided under the insurance policy. We resolve both questions in favor of Lee by reference to the plain, unambiguous language of the disputed National Fire insurance policy.
We turn first to the policy provisions giving rise to Lee’s entitlement to uninsured motorist coverage. The policy defines the term “Insured” to include the “Named Insured” as well as
Any partner, officer, director, stockholder or employee of any Named Insured while acting in his capacity as such, and any organization or proprietor with respect to real estate management for the Named Insured; (emphasis supplied)
The policy, furthermore, expressly includes uninsured motorist coverage for *851 damages for bodily injury, providing in relevant part:
The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle;

Each of the following is an insured under this insurance to the extent set forth below
(a) the named insured and any designated insured and, while residents of the same household the spouse and relatives of either;
The undisputed facts in this case mandate our conclusion that pursuant to the express terms of the policy, Lee falls squarely within the category of insureds entitled to uninsured motorist coverage for bodily injury sustained at the hands of an uninsured motorist during the course and scope of employment with the named insured. We reject National Fire’s contention that Lee is not entitled to uninsured motorist benefits because he was a Class II insured not occupying an insured vehicle at the time of the accident. Mullis v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 (Fla.1971). Because the categories of insureds established in Mullís apply specifically to family coverage insurance policies, Lee’s status as a “non-family” member is irrelevant to a determination of uninsured motorist coverage within the context of his employer’s insurance policy. Furthermore, Lee is a designated insured expressly covered by uninsured motorist protection under his employer’s policy. We, therefore, find that he is a Class I insured pursuant to Mullís.
[A]s such he is covered by uninsured motorist liability protection issued pursuant to Section 627.0851 whenever or wherever bodily injury is inflicted upon him by the negligence of an uninsured motorist. He would be covered thereby whenever he is injured while walking, or while riding in motor vehicles, or in public conveyances, including uninsured motor vehicles....
Mullis at 238. Thus, the fact that Lee was not occupying a vehicle insured by his employer at the time of the accident has no bearing upon his entitlement to uninsured motorist benefits. See Progressive American Insurance Co. v. Glenn, 428 So.2d 367 (Fla. 3d DCA 1983) (impermissible to exclude uninsured motorist coverage solely upon basis of mode of transportation); Hines v. Wausau Underwriters Insurance Co., 408 So.2d 772 (Fla. 2d DCA 1982) (uninsured motorist coverage is personal to insured and not attached to specific vehicle).
This case is distinguishable from Pearcy v. Travelers Indemnity Co., 429 So.2d 1298 (Fla. 3d DCA), review denied, 438 So.2d 833 (Fla.1983), in which the court denied uninsured motorist coverage to an employee injured during a social outing. Unlike the situation in Pearcy, the insurance policy in this case specifically provides uninsured motorist benefits to employees injured while acting within the scope of their employment. Moreover, unlike the claimant in Pearcy, Lee was not on a social outing, but was, without dispute, acting within the scope of his employment at the time of the accident.
We find that since the insurance policy in question is clear and unambiguous, it must be given effect as written. State Farm Fire & Casualty Co. v. Oliveras, 441 So.2d 175 (Fla. 4th DCA 1983), review denied, 451 So.2d 849 (Fla.1984); U.S. Liability Insurance Co. v. Bove, 347 So.2d 678 (Fla. 3d DCA 1977). As a matter of law, therefore, we hold that Lee is entitled to uninsured motorist benefits under the express provisions of his employer’s insurance policy-
As to the second issue regarding the amount of uninsured motorist coverage available to Lee, the insurance policy expressly provides:
*852 It is agreed that the provisions of the policy which set forth and define the limits of liability applicable to Bodily Injury Liability coverage and Property Damage Liability coverage are deleted and replaced by the following:
The total liability of the Company for all damages, including damages for care and loss of services, because of BODILY INJURY sustained by one or more persons as the result of any one occurrence and all damages because of all PROPERTY DAMAGE sustained by one or more persons or organizations as the result of any one occurrence is:
A Combined Single Limit of: 3,000,000 Per occurrence. Bound by the clear, unambiguous language of the policy as written, Oliveras, 441 So.2d 175; Bove, 347 So.2d 678, we find that Lee is entitled, as a matter of law, to the $3,000,000 limit specified in the policy for damages for bodily injury.
We reverse the summary final judgment in favor of National Fire and remand for the entry of a final judgment in favor of Arthur Lee consistent with this opinion.