FERGUSON, Judge.
Plaintiff made a claim for benefits against his employer’s policy, issued by Travelers Insurance Company, for injuries sustained while operating the employer’s vehicle outside the state of Florida. The policy provides Personal Injury Protection (PIP) for any person occupying the insured motor vehicle while in the state of Florida, but limits coverage to the named insured, Suave Shoe Corporation, or a relative of the named insured, as to claims arising from accidents occurring outside the state. Judgment was entered for defendant/insurer on a finding that plaintiff was not covered for the out-of-state accident.
In this appeal, plaintiff claims that there is an ambiguity in the policy which should be construed in favor of coverage. He contends specifically that it makes no sense to hold that the “corporate” entity is the “named insured” entitled to receive PIP benefits when the corporate vehicle is operated outside the state, reasoning that a corporation cannot be physically injured or incur medical expenses or lost wages. Vehicles are not operated by the corporate entity, argues plaintiff, but by its employees, agents or officers.
In Travelers Insurance Co. v. Bartoszewicz, 404 So.2d 1053, 1055 (Fla.1981), relied upon by defendant, the supreme court construed a similar policy adversely to the employee:
It is not unreasonable that the parties would declare the corporation the named insured without necessarily meaning to include the employees.
But in additional language, which we think critical to a rational conclusion, the court went on to note that anyone who is injured when struck by or while occupying a company car and who is not required to have his own PIP coverage will be insured. If naming the corporation as beneficiary under PIP provisions of the policy does not necessarily mean that the employees are covered, then, in properly interpreting the contract, the court is obligated to consider the entirety of the contract, e.g., whether the employees are required to maintain separate coverage. See Bartoszewicz. Thus, a further inquiry which must be made in this case is whether the plaintiff was required to maintain his own PIP coverage.
Assuming that an employee is not required to maintain separate PIP coverage, and would otherwise be covered, another issue arises which was not present in Bartoszewicz, i.e., whether an insurer who issues PIP coverage along with a comprehensive business owner’s policy in accordance with Florida law may limit the PIP coverage to in-state accidents. This is a question which the trial court may be called upon to resolve.
Reversed and remanded for further proceedings.
BARKDULL, J., concurs.