PER CURIAM.
We reverse the Final Declaratory Judgment based on a finding that the “Florida Amendment” to the insurance policy provided by Continental Insurance Company is valid and that Continental did not consent to arbitration. §§ 627.419(1), 682.02, Fla. Stat. (1985). See Lee v. National Union Fire Ins. Co. of Pittsburgh, 469 So.2d 849 (Fla. 3d DCA) (since the insurance policy in question is clear and unambiguous, it must be given effect as written), review denied, 480 So.2d 1295 (Fla.1985); Eugene W. Kelsey & Son, Inc. v. Architectural Openings, Inc., 484 So.2d 610 (Fla. 5th DCA) (in order for a dispute to be arbitrable, a written contract must show the parties’ intent to submit to arbitration), review denied, 492 So.2d 1330 (Fla.1986).
Reversed.