PER CURIAM.
We affirm the trial court’s holding that the appellant, Robert Fenwick, is not entitled to uninsured motorist benefits under his employer’s policy of insurance with the appellee insurance company. Appellant was injured when an uninsured vehicle struck the phone booth he was occupying. The trial court held that the policy only covered employees of the company while they were occupying a company car and that this coverage scheme did not violate the mandatory uninsured motorist insurance provisions in the Florida statutes. Cf. Pearcy v. Travelers Indemnity Co., 429 So.2d 1298 (Fla. 3d DCA), rev. denied, 438 So.2d 833 (Fla.1983). We agree with and adopt the reasoning of the trial court set out in its final order:
This matter has been considered upon the defendant’s motion for summary judgment. For the sake of the motion, the court assumes that the facts as alleged in the complaint and in the plaintiff’s affidavit filed February 23, 1987 are true. The important facts are that *99 plaintiff, an employee of B.C. Coffee & Supplies, Inc. was in charge of the B.C.’s automobile on the day in question. However, at the time of the accident, he had left the automobile and had stepped into a phone booth to make a call when he was struck by another motorist who was uninsured. The court is of the view that Mullís v. State Farm Mutual Automobile Insurance Co., 252 So.2d 229 [(Fla.1971)] controls the matter. The following language from Mullís is instructive:
“When uninsured motorist coverage was obtained by Shelby Mullís pursuant to Section 627.0851 for himself as the named insured, for his spouse and for his or his spouse’s relatives who are residents of his household, they were given the same protection in case of bodily injury as if the uninsured motorist had purchased automobile liability insurance in compliance with the Financial Responsibility Law. This, of course, would not be the case as to other persons potentially covered who are not in the class of the named insured and relatives resident in the Mullís household. These latter are protected only if they receive bodily injury due to the negligence of an uninsured motorist while they occupy the insured automobile of the named insured with his permission or consent. This latter group is necessarily restricted to occupants of the insured automobile for the purpose of coverage identification and to show their insurable relationship to the named insured paralleling coverage for others than named insured in automobile liability policies. However, this is not true as to the named insured and the protected relatives resident in his household.”
To the same effect is Babcock v. United Services Automobile Association, [501 So.2d 679], Florida Law Week Volume 12, number 6, page 297 [(1987)] where, the parties agreed (and the court apparently approved) the concept that an employee who was not occupying the vehicle when he was struck is not covered.
Plaintiff relies upon certain language in Part IV-D(2):
“Anyone else is an insured while using with your permission a covered auto you own, hire or borrow....”
Apparently plaintiffs theory is that the plaintiff was using the vehicle in question all day because he had sole and exclusive possession and the vehicle was not available for others to use on that date. However, he was not occupying the vehicle at the time of the accident. This is a distinction drawn by the cases.
For the reasons stated, the said motion is granted.
It is ADJUDGED that the plaintiffs ROBERT W. FENWICK and MARY FENWICK take nothing by this suit and that AMERICAN STATES INSURANCE COMPANY go hence without day. The court reserves jurisdiction to tax costs.
ANSTEAD, DELL and STONE, JJ., concur.