581 So.2d 175 (1990)
Andrei LAMPKIN, Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, etc., Appellee.
No. 88-1727.
District Court of Appeal of Florida, Third District.
June 12, 1990.
Rehearing Denied July 11, 1991.
Mandina & Ginsberg and Marc Ginsberg, Miami, for appellant.
Merritt & Sikes and William C. Merritt, Miami, for appellee.
Before BASKIN, JORGENSON and COPE, JJ.
PER CURIAM.
Andrei Lampkin appeals a summary final judgment determining that he is not entitled to uninsured motorist coverage. We affirm.
Lampkin was employed as an automobile salesman by J.M. Pontiac, Inc. He was provided a demonstrator vehicle owned by the dealership for use as his personal vehicle. The vehicle was covered by an automobile insurance policy issued by appellee National Union Fire Insurance Company to J.M. Pontiac, Inc. and several other named insureds. Lampkin was not a named insured.
While jogging near his home, Lampkin was struck by an underinsured motor vehicle and sustained personal injuries. At the time of the accident the demonstrator vehicle was parked at Lampkin's home. National Union denied coverage under its policy and Lampkin brought suit for declaratory judgment, seeking underinsured motorist benefits.
We conclude that the summary judgment in favor of National Union was correctly entered. In Pearcy v. Travelers Indemnity Co., 429 So.2d 1298 (Fla. 3d DCA), review denied, 438 So.2d 833 (Fla. 1983), the court held that where an uninsured motorist policy is issued to a corporation, the listing of an employee as the operator of the corporation's vehicle does not make that employee a named insured. Id. at 1298-99. That being so, Lampkin was within the portion of the policy providing coverage to "[a]nyone else occupying a covered auto... ." For purposes of the policy, "occupying" was defined as "in, upon, getting in, on, out, or off." As Lampkin was admittedly not occupying the covered auto, or getting in or out of the covered auto, at the time of the accident, coverage was correctly denied. Id. at 1299.
Lampkin asserts that to so construe the policy would be inconsistent with the terms *176 of section 627.727, Florida Statutes (1985), the version in force at the time of the accident. The decided cases are to the contrary. See Mullis v. State Farm Mut. Auto. Ins. Co., 252 So.2d 229, 233, 238 (Fla. 1971); Fenwick v. American States Ins. Co., 520 So.2d 98, 99 (Fla. 4th DCA 1988).
Affirmed.