Sean MOSSMAN, Plaintiff,

v.

TRANSAMERICA INSURANCE COM-
PANY and Does Defendants 1–100,
Defendants.

and

TRANSAMERICA INSURANCE
COMPANY, Third–Party
Plaintiff,

v.

Frank Joseph CARVALHO,
Third–Party Defendant.

CV. No. 92–00450 BMK.

United States District Court,
D. Hawaii.

March 9, 1993.

Gary Y. Okuda, Leu & Okuda, Honolulu, HI, for plaintiff Mossman.

James Kawashima, Watanabe Ing & Kawashima, Honolulu, HI, for defendant and third-party plaintiff Transamerica.

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT

KURREN, United States Magistrate Judge.

Defendant Transamerica Insurance Company ("Transamerica") has moved this court for summary judgment on the complaint filed by plaintiff Sean Mossman ("Mossman"). Mossman has filed both an opposition to Transamerica's motion and a counter-motion for summary judgment. For the reasons set forth below, the court denies Mossman's motion for summary judgment and grants Transamerica's motion.

### BACKGROUND

On July 1, 1990, Mossman was involved in a motor vehicle accident in the City and County of Honolulu, State of Hawaii, as a passenger in a vehicle driven by Frank Carvalho ("Carvalho"). The accident occurred when Carvalho lost control of his vehicle, causing the vehicle to strike a parked automobile. Mossman received substantial injuries as a result of the accident.

At the time of the accident, Carvalho resided with his mother, Emilye Carvalho, and his step-father, Alvin Borges, Jr. ("Borges"). Borges is an officer and stockholder of Commercial Shelving, Inc. ("Commercial Shelving"), and two vehicles owned by Commercial Shelving were used by members of the Carvalho/Borges household. Those vehicles and thirty-eight others were insured under a business automobile insurance policy issued to Commercial Shelving by Transamerica. However, the vehicle driven by Carvalho at the time of the accident was owned by Carvalho's mother and insured under an automobile insurance policy issued by Government Employee Insurance Company ("GEICO").

Mossman filed a state court suit against Carvalho which was submitted to the Hawaii Court–Annexed Arbitration Program.[1] Following an arbitration hearing, an award was made in favor of Mossman and against Carvalho in the amount of $174,661. Thereafter, Mossman and Carvalho entered into a settlement agreement, whereby Carvalho agreed to have judgment entered against him in the state court suit for the amount of the arbitration award in exchange for Mossman's agreement not to enforce the judgment against the assets of Carvalho. Carvalho also agreed to assign to Mossman his rights against Transamerica. Additionally, GEICO paid its policy limit of $35,000 to Mossman in partial satisfaction of the stipulated judgment in exchange for a release by Mossman and Carvalho for all claims arising out of the accident.

Mossman thereafter demanded that Transamerica, pursuant to the business automobile policy issued by Transamerica to Commercial Shelving, pay the amount of the stipulated judgment in excess of the $35,000 paid by GEICO. Transamerica rejected Mossman's demand. Transamerica argues that it is not obligated to pay any portion of the stipulated judgment because Carvalho is not an "insured" under the Transamerica policy and was not using a covered vehicle at the time of the accident. Mossman contends that Carvalho must be deemed to be an "insured" under the Hawaii No-fault Law, *Haw.Rev.*

*Stat.,* Ch. 431:10C, because he is a relative of Borges and resided in the same household with him at the time of the accident.

## SUMMARY JUDGMENT STANDARD

Fed.R.Civ.P. 56 provides that summary judgment shall be entered when:

> ... the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The movant bears the initial burden of "identifying for the court those portions of the materials on file in the case that it believes demonstrate the absence of any genuine issue of material fact." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.,* 809 F.2d 626, 630 (9th Cir.1987), *citing Celetex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the opposing party may not defeat a motion for summary judgment absent any significant probative evidence tending to support his claim. *Commodity Futures Trading Comm'n. v. Savage,* 611 F.2d 270, 282 (9th Cir.1979). The opposing party cannot stand on his pleadings, nor can he simply assert that he will be able to discredit the moving party's evidence at trial. *T.W. Elec.,* 809 F.2d at 630. Similarly, legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment. *British Airways Bd. v. Boeing Co.,* 585 F.2d 946, 952 (9th Cir.1978), *cert. denied,* 440 U.S. 981, 99 S.Ct. 1790, 60 L.Ed.2d 241 (1979). Moreover, "if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *California Architectural Building Products, Inc. v. Franciscan Ceramics,* 818 F.2d 1466, 1468 (9th Cir.1987), *citing Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

---

1. The Hawaii Court–Annexed Arbitration Program is a mandatory, non-binding arbitration program for certain civil cases in the State of Hawaii.

The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict. *See Eisenberg v. Insurance Co. of North America*, 815 F.2d 1285, 1289 (9th Cir.1987), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Thus, the question is whether "reasonable minds could differ as to the import of the evidence." *Id.*

However, when "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the evidence set forth by the non-moving party with respect to that fact." *T.W. Elec.*, 809 F.2d at 631. Also, inferences from the facts must be drawn in the light most favorable to the non-moving party. *Id.* Inferences may be drawn both from underlying facts that are not in dispute, as well as from disputed facts which the judge is required to resolve in favor of the non-moving party. *Id.*

## DISCUSSION

A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state. *Davis v. Metro Prod., Inc.*, 885 F.2d 515, 524 (9th Cir.1989). Thus, this court looks to the law of Hawaii to determine the issues raised by the present motions. In the absence of controlling state law, the court "must use its own best judgment in predicting how the state's highest court would decide the case." *Takahashi v. Loomis Armored Car Service*, 625 F.2d 314, 316 (9th Cir.1980).

To ascertain whether coverage exists in an insurance coverage dispute, the court, under Hawaii Law, "must look to the language of the insurance policy 'consistent with the insurer and insured's intent and expectations.'" *Methven–Abreu v. Hawaiian Ins. and Guar. Co.*, 73 Haw. 385, 390, 834 P.2d 279, 283 (1992), *citing Hawaiian Ins. and Guar. Co. v. Financial Sec. Ins. Co.*, 72 Haw. 80, 87, 807 P.2d 1256, 1260 (1991). The court must interpret the terms of the insurance policy according to the plain meaning of its words and may not assign a different meaning unless clearly intended by the parties. *Maui Land & Pineapple Co., Inc. v. Dillingham Corp.*, 67 Haw. 4, 10 674 P.2d 390 (1984).

In order for Mossman to be entitled to benefits under the Transamerica policy, Carvalho must qualify as an "insured" within the meaning of the policy. In the liability coverage section of the policy, Transamerica agreed to "pay all sums the insured legally must pay as damages because of bodily injury or property damage to which this insurance applies, caused by an accident and resulting from the ownership, maintenance or use of a covered auto."

The term "insured" is defined in pertinent part in the policy as "any person or organization qualifying as an insured in the Who Is Insured section of the applicable insurance." The "Who Is Insured" section of the policy states:

WHO IS INSURED

1. You are an insured for any covered auto.
2. Anyone else is an insured while using with your permission a covered auto you own, hire, or borrow. . . .

The terms "you" and "your" are defined under the policy to refer to "the person or organization shown as the named insured in Item 1 of the declarations." The named insured listed in Item 1 on the policy is "Commercial Shelving, Inc." Thus, the term "insured" includes only the named insured, Commercial Shelving, and others who use autos owned, hired or borrowed by Commercial Shelving with its permission.

Read together, the policy provisions unambiguously declare that coverage exists only when (1) the named insured, Commercial Shelving, is liable for damages resulting from an accident involving an auto that is owned, maintained or used by it, or (2) another person is liable for damages resulting from an accident involving an auto that is owned, hired or borrowed by Commercial Shelving and that is used with its permission. The clear meaning of the terms of the policy demonstrate that Carvalho was not an "insured" because he was not listed as a named insured, and he was not using a vehicle

owned, hired or borrowed by Commercial Shelving.

Mossman contends that Section 431:10C–103(11) of the Hawaii No-fault Law requires coverage for all resident relatives. He maintains that since Carvalho is related to Borges and resided with him at the time of the accident, Carvalho must be deemed to be an insured pursuant to Section 431:10C–103(11).

Section 431:10C–103(11) requires coverage for resident relatives of the *named insured.* That section defines an "insured" under the Hawaii No-fault Law as "a spouse or relative" of a named insured, "while residing in the same household with a named insured."

The clear intent of Section 431:10C–103(11) is to ensure that, on personal or family automobile policies, resident relatives of the named insured are covered. The policy in question here, however, is a commercial policy. The only named insured in the Transamerica policy is a corporation, Commercial Shelving. Carvalho is not the "spouse or other relative" of Commercial Shelving, nor does he reside in the same "household" as Commercial Shelving. Carvalho does not qualify as an "insured" under the statutory definition.

The fact that Borges is an officer and stockholder of Commercial Shelving does not make him the named insured. Corporations are legally separate and distinct from their officers and stockholders. Thus, an officer or stockholder of a corporation does not assume the status of a named insured merely because of his office or stock ownership. *See Auto–Owners Insurance Company v. Brockman,* 524 So.2d 490 (Fla.1988).

The authorities argued by Mossman are not persuasive. He relies upon *Greenbaum v. Travelers Ins. Co.,* 705 F.Supp. 1138 (E.D.Va.1989) and *Ohio Casualty. Insurance Co. v. Fike,* 304 So.2d 136 (Fla.1974), citing them for the proposition that a business insurance policy provides coverage for the owner's household. However, in those cases, the named insured included not only the business organizations but also the individual owners. Furthermore, the business organizations in those cases were partnerships, not corporations. In the present case, Commercial Shelving is the sole named insured. No individuals are named insureds under the policy.

Mossman further argues that there is coverage afforded to Carvalho by pointing to designation symbol "1" in Transamerica's policy that refers to "any auto." From this designation symbol, Mossman argues that any auto is eligible for coverage under the policy, regardless whether that auto has any connection with the named insured, Commercial Shelving.

The only reasonable construction of the policy that can be reached is that the term "any auto" is used to extend coverage to "any auto" owed by the named insured or "any auto" hired or borrowed by the named insured at any time while the policy is in existence. Thus, the "any auto" designation offers automatic coverage to vehicles the named insured acquires after the policy begins without having to first report the vehicle to the insurance company. The language "any auto" is merely intended to provide coverage for vehicles the named insured owns or uses. The vehicle driven by Carvalho at the time of the accident is not a covered auto because it is not a vehicle owned, hired or borrowed by Commercial Shelving.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the court finds that Carvalho is not an insured under the policy issued by Transamerica to Commercial Shelving nor is the vehicle involved in the accident a covered auto. The court therefore orders summary judgment in favor of Transamerica and denies summary judgment requested by Mossman.

IT IS SO ORDERED.