790 So.2d 475 (2001)
LIBERTY MUTUAL INSURANCE COMPANY, a foreign corporation, Appellant,
v.
Caroline WEISS, as Personal Representative of the Estate of Jack J. Weiss, deceased, Appellee.
No. 3D00-420.
District Court of Appeal of Florida, Third District.
June 6, 2001.
Rehearing and Certification of Conflict Denied August 10, 2001.
*476 O'Connor & Meyers, and David R. Cassetty, for appellant.
Colson Hicks Eidson, and Marc Cooper, Coral Gables; Larson King, for appellee.
Before SCHWARTZ, C.J., and SORONDO, JJ., and NESBITT, Senior Judge.
NESBITT, Senior Judge.
Liberty Mutual Insurance Company (herein, Liberty) appeals a final judgment finding stacked uninsured motorist (herein, UM) insurance coverage in favor of insured, Jack J. Weiss. Caroline Weiss, as Personal Representative of the Estate of Jack J. Weiss, deceased, cross appeals, arguing the trial court's error in certain evidentiary rulings. We reverse the order under review and affirm the cross appeal.
Mr. Weiss was killed when he was struck by an automobile driven by UM William Perez, as Mr. Weiss was walking across S.W. Eighth Street in Miami. Ms. Weiss, as personal representative, submitted a claim for UM benefits to Liberty on a policy issued to: "Intercontinental Properties, Inc., Agent for Royal Trust Tower, Ltd." The claim was denied, and Ms. Weiss brought suit, alleging wrongful death against Perez; and breach of contract, declaratory judgment, and negligent failure to procure insurance against Liberty. Both sides' motions for summary judgment were denied.
The trial court bifurcated the issues of liability and damages. The lower court granted partial summary judgment, finding Perez negligent and reserving the issue of comparative negligence. The parties stipulated that Perez met the statutory definition of a UM. A bench trial was agreed to on the claims for breach of contract and declaratory judgment. The trial court ultimately entered its verdict in the Estate's favor, after determining that decedent was a named insured and that the primary policy stacked UM coverage. We address only that issue we find dispositive, i.e., whether the policy at issue provided coverage for decedent in light of the facts as set out above.
The question whether or not a particular policy covers a certain risk is a question of law. See Central Cold Storage, Inc. v. Lexington Ins. Co., 452 So.2d 1014 (Fla. 3d DCA 1984). An unambiguous contract of insurance does not require construction, and must be given effect as written. See Perez v. Michigan Mut. Ins. Co., 723 So.2d 849 (Fla. 3d DCA 1998). The law is well settled that a business auto policy such as the one at issue here does not provide coverage for officers, unless the person is within a covered vehicle. See *477 Travelers Insurance Co. v. Bartoszewicz, 404 So.2d 1053, 1055 (Fla.1981); see also Lampkin v. National Union Fire Ins., Co. of Pittsburgh, 581 So.2d 175 (Fla. 3d DCA 1990)(Automobile salesman who was struck by underinsured vehicle while he was jogging near home was not entitled to underinsured motorist benefits under policy issued to his employer; salesman was not "occupying" the demonstrator vehicle that employer had assigned to him at time of accident); Pearcy v. Travelers Indem. Co., 429 So.2d 1298 (Fla. 3d DCA 1983). In Willingham v. Travelers Ins. Co., 483 So.2d 778, 779 (Fla. 3d DCA 1986), this court set out the reasoning and logic of such a holding. Willingham explained that it is not unreasonable that parties would declare a corporation the named insured without necessarily meaning to include employees. While it is true a corporation cannot be physically injured or incur medical expenses or lost wages, and vehicles are not operated by corporate entities, benefits are conferred by naming the corporation alone, because anyone (including an employee) who is injured while occupying a corporation car or who is struck by a corporation car and who is not required to have his own coverage, will be insured. See Id. at 779. See also Auto-Owners Insurance Company v. Brockman, 524 So.2d 490 (Fla. 5th DCA 1988)(Motorist was not named insured under policy issued to corporation as named insured merely because of his office and stock ownership interest in corporation.)
Here, the plain language of the insurance policy requires reversal of the lower court's determination that decedent was a named insured on the business auto policy to "Intercontinental Properties, Inc., Agent for Royal Trust Tower, Ltd." Decedent was a pedestrian hit by a passing vehicle. Therefore, the Estate was seeking coverage which was legally unavailable. Moreover, a "Drive Other Car" endorsement, providing coverage for bodily injury and property damage, did not modify the definition of who was an insured for UM coverage. Thus, the trial court erred in denying the insurer's motion for summary judgment. See Fisher v. Keyes Co., 271 So.2d 787 (Fla. 3d DCA 1973). Under this analysis, we need not reach the other errors claimed by the insurer or the Estate.
Accordingly, the order under review is reversed.